

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH E. MACON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  6:04-1311-HFF-BHH |
| | § | |
| JAMES M. COX JR., Judge; | § | |
| H. LOWERY, Attorney; | § | |
| CITY OF WILLIAMSTON; and | § | |
| STATE OF SOUTH CAROLINA, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT & RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DISMISSING THE CASE WITHOUT
PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

**I.     INTRODUCTION**

This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report), made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.  Plaintiff is proceeding *pro se.*

**II.     STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge Bruce Howe Hendricks filed a detailed and comprehensive report on April 5, 2005, recommending that Plaintiff's case be dismissed without prejudice and without issuance and service of process. Petitioner timely filed objections on April 13, 2005.

### III.     PLAINTIFF'S OBJECTIONS

*A.     Expungement of Record*

Plaintiff takes issue with the Magistrate Judge's statement that he was convicted in his criminal case. Assuming, without deciding, that Plaintiff was acquitted of the charge, his claim is without merit. Plaintiff contends that, because he was acquitted of the charge, his record should be expunged. The power to expunge is reserved for extreme or unusual cases, and acquittal alone is insufficient for an expungement of the arrest record. *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984).

If Plaintiff indeed was convicted of the charge, his case is still without merit. To challenge an unconstitutional conviction, Plaintiff must prove that the conviction has been reversed on direct appeal, expunged, or called into question by a federal court's issuance of a § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Thus, Plaintiff's request for relief is untimely.

*B.     Judicial Immunity*

Plaintiff also objects to the Magistrate Judge's finding that Judge Cox has absolute judicial immunity. In *Mireles v. Waco*, 502 U.S. 9 (1991), the Supreme Court held that judicial immunity will be overcome only in two sets of circumstances: first, when the judge acts outside of the judicial capacity; second, when the judge acts within judicial capacity but those acts are taken in the absence of jurisdiction. Plaintiff does not allege that Judge Cox lacked jurisdiction over his case. Thus,

Judge Cox is entitled to absolute judicial immunity with respect to his actions in Plaintiff's criminal case. *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987).

**IV. CONCLUSION**

After a thorough review of the report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the report to the extent that it does not contradict this order and incorporate it herein. Accordingly, it is the judgment of this Court that the case be **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 13th day of June, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.